United States v. Daniel Fitzpatrick. Thank you. Good morning everybody. My name is Jim Brandon. I represent Mr. Fitzpatrick on this appeal. The government has conceded in its response brief that they are not going to make an effort to enforce the waiver provision. So I'm going to move forward on to the merits. With regard to the merits, this defendant pleaded guilty to trafficking in material involving the sexual exploitation of a minor, which results, the analog is to the guidelines, 2G 2.2, which this court has recognized as a very problematic guideline in the sense that, and has directed district court judges to try and fashion sentences that might otherwise be deemed unreasonable based on a sheer calculation under the guidelines. So as in most cases, the same pretty much happened to Mr. Fitzpatrick. He pleaded guilty, as I noted, to trafficking in material involving sexual exploitation of a minor. Then he got plus two for the distribution, which is to say the trafficking. Then he got plus five for the material. Then he got plus two for the computer. That's how people do this when you're doing a share to share file sharing distribution. Then he got plus two for the exploitation of a minor. And then because some of the images were sadistic, he got another plus four. So for the most part, the enhancements under subsection B to 2G 2.2 all applied to this defendant, all of them. But instead of taking the time, at least on the sentencing record, to account for this double counting, which I'm not saying is impermissible. You're not raising a procedural due process claim. I am not. You're exclusively relying on a substantive unreasonableness claim.  Right. But there is an apparent redundancy to this case, as there are in all these 2G 2.2 cases. And this is a non-production case as well. And there's an apparent double counting. My problem is it just seems to me, on reading this record, that the district court judge really just threw the book at this defendant. He did not take the time to consider all the mitigation that was presented by the defense attorney. And in general, this defendant, as far as federal defendants go, has a favorable background. So I'm trying to understand. You're not challenging the double counting because the law allows it? Correct. And if that's the case, and you're not challenging the application, his guideline range then, with the additional four-level enhancement, would be 151 to 188. And the judge sentenced him to 156. Help me understand how sentencing him at the lower end of the range is throwing the book at him. Well, it's still a 13-year term judge. And this is somebody who's never, ever been to jail at all. He has behind him just one misdemeanor for which he got a conditional discharge. So the question, I think the question is, what's the explanation for why the judge did not give him 151? What's the explanation for why he didn't give him the low end of the guidelines as this defendant thought he was going to get? You'll remember that this defendant pleaded guilty with a plea agreement with the government where he was offered a guidelines term of 97 to 121 months. So in his mind, he's gone from 97, potentially, all the way up to the reality of 155. I just don't think that the judge on this record took the care that he should have to look at all of the mitigation provided by the defense attorney, like I say, including strong family ties, great education, a 3.74 GPA through college, a strong work history. And he was in sex therapy, noting that he had a problem. And he was trying to deal with it following his arrest and before the sentencing. So I just think that based on the record, essentially, and nothing else, the overall, the totality of the circumstances on the record, that a mistake has been made, that the sentence is too long, and that you should remand. Let me ask you this, Mr. Brown. I mean, it's not whether we would impose a different sentence. It's whether it's outside the range of possible sentences for the district court. One thing that you haven't focused on is there is a history in this case of prior sexual contact with a minor. And that's usually viewed as of more concern in these child porn cases than circumstances where perhaps that's not a factor. How do you think we should consider that in deciding whether this guideline sentence is impermissible, impermissible for the district court to impose? I think, Judge, I mean, this is sort of, I think there were actually two minors. There's one minor for which he was convicted of endangering the welfare of a child for fondling. The minor was fondling him. He was masturbating. There was a second case where he was actually having some sort of sexual relationship that went on for some time with a 16-year-old. That case was never prosecuted. I don't know why. So you have one prior that resulted in a misdemeanor for conditional discharge and one that was never prosecuted at all. But permissibly considered by the district court. I think so, too. In trying to decide what kind of risk he poses now, however a court might look at it, I'm trying to understand how on that, when that's added to the totality of the record that you've emphasized, this sentence is substantively unreasonable. Help me out. I just think that that is certainly part of the factual record. But what I don't see on this factual record, on this record of the sentencing, is that the judge did anything like what Dorvey was telling the judge that he should do. So I think that you're correct, Judge, that he considered the prior actual physical contact in these two instances. But he used that in addition to the 2G2.2 bump-ups to give this defendant a 13-year term, which I just don't think is appropriate. Obviously, Judge Sinatra did think it was appropriate, and maybe you will think that it's appropriate. But I think he was, as I said, throwing the book at this defendant. Well, it's not whether we think it's appropriate. No, I understand that. Okay, thank you. Yes. Thank you, counsel. You did not take reserved time for rebuttal. I just wanted to confirm that. Thank you. Good morning. Good morning, Your Honors. May it please the Court, my name is Tiffany Lee, and I represent the United States. The standard here is whether or not the standard for whether a sentence is substantively reasonable is, as Judge Raji had articulated, whether this is a sentence that cannot be located within the range of permissible decisions which a district court can make, knowing that the district court has a wide discretion when it comes to matters of sentencing. And in this regard, Mr. Fitzpatrick fails to show how the sentence is substantively unreasonable. Judge Sinatra took pains to kind of go through the record and say not only due to the fact that he had prior hands-on conduct with respect to minor victims, but also the fact that this particular crime, which involved the sharing of images with others, which perpetuates a market for images of child sexual abuse, in looking at the nature and circumstances of the offense and the necessity for a deterrent effect, these were factors in which Judge Sinatra may have placed different weight than other factors that Mr. Fitzpatrick is arguing should have been placed. But that's not what the review is on the substantive reasonableness level. In that respect, this Court is looking not to substitute its judgment, not to tell a district court how they should be weighing these factors, but whether or not it's permissible for that decision-making to be made. And in that respect, this sentence was substantively reasonable. It was individualized as to who Mr. Fitzpatrick was as a defendant before this particular district court. Accordingly, this Court should affirm. Unless there are any further questions, the government will rest on its submission. Seeing none from the panel, thank you, counsel. Thank you both. The Court will reserve decision on this matter.